# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 1:05CR00076 |
| v. | **OPINION** |
| **OLLIE CARTER CLOYD**, | By: James P. Jones<br>Chief United States District Judge |
| Defendant. | |

*Sharon Burnham, Assistant United States Attorney, Roanoke, Virginia, for United States; Ollie Carter Cloyd, Pro Se Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines.[1]

I will overrule the government's objections.

The government's objections may be divided into two groups. First, the government emphasizes the conduct underlying the offense, including the amount of

---

[1] This district is reported to have the fourth largest number of defendants who qualify for a reduction in sentence under the Sentencing Commission's policy on retroactivity. Unfortunately, it appears that the United States Attorney for this district is objecting to reduction in *every case*, even those which provide for a reduction in sentence of only a few months. While the Department of Justice opposed the retroactivity of the amended guidelines, once the Sentencing Commission unanimously decided on retroactivity—a decision which Congress has not overruled—a per se objection to any reduction does not serve the public interest. For example, the court is required to consider the public safety in determining whether to reduce a particular sentence, *see* USSG § 1B1.10 cmt. n.1(B)(ii) (Mar. 3, 2008), and the government's blanket objection in all cases does not assist the court in making that decision, and, in fact, hinders it.

crack cocaine for which the government believes the defendant was responsible and the fact that the defendant evaded arrest. Second, the government points to the defendant's criminal history.

The guidelines provide a vehicle for consideration of conduct underlying an offense. The defendant's Total Offense Level takes into account the amount of crack cocaine for which the defendant was responsible and whether the defendant obstructed justice. In this case, the defendant was held responsible for less than five grams of crack cocaine, in accord with the jury's finding. The jury acquitted the defendant of possession with intent to distribute more than 50 grams of crack cocaine. This court will not overrule the jury's finding more than a year after the verdict by treating the defendant as though he were responsible for more than 50 grams, as the government suggests. Furthermore, the defendant received a two-level enhancement for creating a substantial risk of death or serious bodily injury while fleeing from a law enforcement officer.

The guidelines also provide a mechanism for consideration of prior convictions through calculation of a criminal history score. In this case, the defendant's criminal history put him in Category I and his guideline range was calculated accordingly. To do as the government suggests, would penalize the defendant for offenses for which

he was not found guilty.  I do not find his prior convictions or unadjudicated arrests to be a bar to reduction in sentence.

A separate judgement will be entered.

Dated: March 12, 2008

 /S/ JAMES P. JONES
Chief United States District Judge

- 3 -

Case 1:05-cr-00076-JPJ-PMS   Document 224   Filed 03/13/08   Page 3 of 3   Pageid#: 746